**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

                                 Case No. 08-cv-14951

v.                                 Hon. Gerald E. Rosen

VEHICLE 2007 MACK 600 DUMP TRUCK,
VIN 1M2K189C77M036428, *et al*,

        Defendants *in rem*.

_____/

**ORDER REGARDING PLAINTIFF'S**
**MOTION FOR JUDGMENT ON THE PLEADINGS,**
**MOTION FOR SUMMARY JUDGMENT, AND**
**MOTION FOR INTERLOCUTORY SALE**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____ January 20, 2010 _____

PRESENT:  Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

**I.  INTRODUCTION**

On November 26, 2008, the Government instituted an *in rem* civil forfeiture action

under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), 18 U.S.C. § 981(a)(1)(A)

and/or 18 U.S.C. § 981(a)(1)(C), against twelve Mack dump trucks, allegedly purchased

with the proceeds of wire fraud and money laundering.  The Government later amended

its Complaint on February 19, 2009 to add a thirteenth dump truck and a Ford Mustang

convertible.  On June 17, 2009, three parties filed claims of interest on the Defendant

property: Brian J. Merklinger, as to the Ford Mustang, and Encore Associated Leasing, LLC (EAL) and Encore Recovery Systems, Inc. (ERS) as to the thirteen trucks.[1]

Presently before the Court are three motions filed by the Government: (i) a motion to strike the claims of Claimants EAL and ERS; (ii) a motion for judgment on the pleadings; and (iii) a motion for an order to permit the interlocutory sale of twelve of the thirteen Defendant vehicles.  In these three motions, the Government argues principally that: Claimants EAL and ERS have failed to establish the requisite standing under the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Claimants EAL, ERS, and Brian Merklinger have failed to properly respond to the Complaint as required by the Federal Rules of Civil Procedure, and the Defendant vehicles are depreciating in value and warrant being sold.  Claimants EAL and ERS are currently unrepresented by licensed counsel in this action and have not filed responses to any of the foregoing, while Claimant Brian Merklinger has filed a response to the motion for judgment on the pleadings and the motion for order to permit the interlocutory sale of the vehicles.  The Government has replied.

Having reviewed the parties' written submissions in support of and opposition to the Government's motions, as well as the remainder of the record, the Court finds that the pertinent facts, allegations, and legal issues are sufficiently presented in these materials, and that oral argument would not assist in the resolution of these motions.  Accordingly,

---

[1] An earlier claim of interest on the Ford Mustang filed by Reliable Carriers, Inc. has since been settled.

2

the Court will decide the Government's motions "on the briefs."  <u>See</u> Local Rule

7.1(e)(2), U.S. District Court, Eastern District of Michigan.  This Opinion and Order sets

out the Court's ruling.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

**A.      Seizure and SEC Action**

On July 1, 2008, twelve Mack dump trucks were seized, pursuant to federally

authorized seizure warrants, at the business location of Sandblasting, Inc. in Brownstone,

Michigan.  The Government subsequently filed this civil forfeiture action on November

26, 2008 pursuant to CAFRA, 18 U.S.C. § 981(a)(1)(A) and/or 18 U.S.C. § 981(a)(1)(A),

naming the twelve trucks as defendants *in rem*.  The Government alleges that the trucks

represent property derived from proceeds traceable to a violation or violations of 18

U.S.C. § 1343 (wire fraud), and/or were involved in a transaction or attempted transaction

in violation of 18 U.S.C. § 1957 (money laundering).  On January 28, 2009, one

additional Mack dump truck was seized by federal authorities at the business location of

Komar Industries, Inc. in Groveport, Ohio.  The same day, a Ford Mustang convertible

was seized at the business location of Reliable Carriers, Inc. in Sun Valley, California.

On February 19, 2009, the Government filed its First Amended Complaint, alleging that

all fourteen Defendant vehicles are subject to forfeiture.

The allegations supporting forfeiture of the Defendant trucks and Mustang are

essentially the same allegations as those made in a companion case filed by the Securities

Exchange Commission against Paul Merklinger, presently pending before this Court.  <u>See</u>

3

<u>U.S. Securities and Exchange Commission v. Paul Merklinger, *et al*</u>, No. 08-CV-13184 ("the SEC case").  The central allegation in the SEC's Complaint is that Paul Merklinger, a Canadian citizen, fraudulently raised $7 million from investors through the offer and sale of securities in Encore Associated Leasing, LLC ("EAL"), a purported tire recycling company, of which Mr. Merklinger was the president, treasurer and CEO during the period relevant to this case.  <u>Id.</u>  Specifically, the SEC alleges that Paul Merklinger: (a) used more than $950,000 of investor money for his personal benefit; (b) used an additional $134,000 in investor funds to make Ponzi-type payments to investors in another Merklinger-controlled company, Encore Recovery Systems, Inc. ("ERS");[2] and (c) spent or transferred at least $172,000 in investor funds to the benefit of his son, Brian Merklinger.  <u>Id.</u>  The thirteen Defendant dump trucks appear to have been purchased by Paul Merklinger, using funds from EAL.  The trucks are individually registered to "Encore T2 Unit. [Nos. 11-12, 14-15, 17-21 and 23-26] LLC."  Vehicle records for the Ford Mustang identify the registered owner as Brian Merklinger.

---

[2]   Paul Merklinger also identified himself as President of ERS, for at least 2007 and 2008.  Brian Merklinger later stated that he is the "sole owner of 100% of the stock of Encore Recovery Systems, Inc. ("ERS") and has been the sole owner since approximately 1999."  (Brian Merklinger Resp. to Mot. for J. on the Pleadings 6.)

## B.   Notice and Responsive Pleadings

Pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government published a Notice of Civil Forfeiture on an official government internet site on December 1, 2008.  A second Notice of Civil Forfeiture was published on March 18, 2009, after the seizure of the thirteenth truck and the Mustang.  Both notices were published for at least 30 consecutive days.

In addition, the Government attempted to serve direct notice of the forfeiture action on Paul Merklinger, Encore Associated Leasing, LLC, Encore Recovery Systems, Inc., and other Encore-related companies beginning in early December 2008, by sending the Amended Complaint, Warrants of Arrest and Notice In Rem for each of the Defendant vehicles, along with a Certificate of Service (hereinafter "the Notice").  Following the filing of the First Amended Complaint, the Government again attempted to send direct notice to Paul Merklinger, as well as Brian Merklinger, the Encore-related entities and other known potential claimants on March 2, 2009, and on April 2, 2009.[3]  The Notice

---

[3]  The March 2, 2009 attempt at direct notice sent to all known and registered addresses of the potential claimants was returned, in part, as undeliverable.  The third attempt at direct notice on April 2, 2009 was therefore sent to Claudio Martini, Esq. on behalf of Paul Merklinger and the Encore-related entities.  Mr. Martini is a Canadian lawyer who was present at one of the hearings in the related SEC case at the request of the Merklingers and EAL.  He also served as a director for EAL during the period relevant to this action.  His name and address later appeared on pleadings filed *pro se* by Brian Merklinger.  Finally, the answers to interrogatories submitted on behalf of EAL and ERS state that corporate records for both entities are held at Mr. Martini's office.  However, Mr. Martini has never made a formal appearance on behalf of the Merklingers,

provided, *inter alia*, that an Amended Complaint for Forfeiture was filed against the Defendant vehicles, and that any potential claimants must (1) file a claim within thirty-five days after the day the notice was sent, and (2) either file an answer to the Amended Complaint or file a Rule 12 motion within twenty days of filing the claim.

As of May 7, 2009, no claims of interest had been filed. On May 12, 2009, U.S. Attorney Linda Aouate contacted Mr. Martini to confirm that the Notice had in fact been received by Mr. Martini and forwarded to Paul Merklinger. According to Ms. Aouate, Mr. Martini stated that he had transmitted the notice documents to Paul Merklinger "shortly after receiving them" in early April. (Aouate Decl. Nov. 11, 2009 ¶ 3.) In that conversation, Mr. Martini agreed to forward the Notice to Brian Merklinger as well. (Aouate Decl. ¶ 4.) On May 14, 2009, the Government accordingly sent the Notice to Mr. Martini on behalf of Brian Merklinger.

On June 17, 2009, EAL and ERS, by and through counsel, filed claims of interest in the Defendant dump trucks—over forty days past the deadline outlined in the April 2 notice papers. The corporate Claimants then filed an answer and affirmative defenses on July 6, 2009. Claims were also filed with regard to the Defendant Mustang by Brian Merklinger and Reliable Carriers, Inc. The Government and Reliable Carriers subsequently reached a settlement, which was approved by this Court. Dkt. # 24.

**C.     Withdrawal of Claimants' Counsel and Pending Motions**

---

EAL or ERS, in either this action or the SEC action.

On September 15, 2009, the day after receiving Special Interrogatories from the Government, counsel for Claimants, Jorin Rubin, filed a Motion to Withdraw.  The Court granted the motion in part, stating that "[i]f no substitute counsel files an appearance by the expiration of this 10-day period, Ms. Rubin shall be relieved of any further obligation to represent Claimants in this case."  Dkt. # 37.  In granting this relief, the Court specifically warned EAL and ERS that they are barred from appearing before this Court *pro se*, citing Rowland v. California Men's Colony, 506 U.S. 194, 201-02, 113 S. Ct. 716, 721 (1993).  To date, Claimants EAL, ERS, and Brian Merklinger have failed to obtain substitute counsel.

On September 17, 2009, while the motion to withdraw was still pending, the Government filed a motion for judgment on the pleadings on the issue of forfeitability, based on the inadequacy of Claimants' answers to the Complaint under Rule 8(b)(6) of the Federal Rules of Civil Procedure.  On September 23, 2009, the Government further moved for an order to permit the interlocutory sale of twelve of the thirteen Defendant trucks and the sale of the Defendant Mustang, citing the cost of keeping the vehicles in storage and the depreciating value of the vehicles.  The deadline for responses to these motions was held in abeyance until November 20, 2009, to afford Claimants time to obtain substitute counsel.  On November 16, 2009, Brian Merklinger filed a response on his own behalf and on behalf of ERS.  Because ERS is a corporate entity and may only appear before the Court through licensed counsel, the Court struck all portions of the response not strictly related to Brian Merklinger, in his individual capacity, and his

7

individual claim to the Defendant Mustang.  See Dkt. # 50.  Finally, on November 10, 2009, the Government filed a motion to strike the Verified Statements of Interest and the Answer and Affirmative Defenses filed on behalf of Claimants EAL and ERS, and for entry of summary judgment.  Because the corporate Claimants remain unrepresented in this action, they have not and cannot respond to this motion.

As this action has staggered forward, the Court has been forced to contend with numerous evasive and dilatory tactics, much like the obstacles faced in the related SEC action.  See, e.g., U.S. Securities and Exchange Commission v. Paul Merklinger, et al, No. 08-CV-13184, Dkt. # 42.  Although Paul Merklinger is not a claimant to any of the Defendant vehicles, he has attempted to file briefs pro se, interfering with the progress of these forfeiture proceedings.  Moreover, his son, Brian Merklinger has exhibited his father's propensity to evade service and file lengthy briefs, rarely responsive to the issues actually pending before the Court.  He has also attempted to represent the interests of the corporate Claimants, though his role as a corporate officer in either is not altogether clear and in no way entitles him to file briefs on their behalf.  To date, neither Paul Merklinger, nor his son, nor any representative of EAL or ERS has appeared personally in any of several hearings related to the SEC action, nor have they provided this Court with a single correct mailing address, e-mail address, and telephone number as required by Rule 11(a) of the Federal Rules of Civil Procedure in either the SEC or this proceeding.  Instead, this Court has been forced to communicate with Claimants through the Windsor address of Claudio Martini, who himself is neither counsel nor a claimant, thereby further

8

complicating efforts to move this action forward.

## III.  DISCUSSION

**A.      Motion to Strike A Claim or Answer, and for Summary Judgment.**

In its November 10, 2009 motion, the Government seeks (1) to strike the verified statements of interest and answers filed on behalf of Encore Associated Leasing, Inc. and Encore Recovery Systems, Inc., and (2) entry of summary judgment.[4]  Specifically, the Government argues that such relief is appropriate where EAL and ERS lack statutory standing to contest the forfeiture of the Defendant trucks because they failed to comply with Supplemental Rule G(5).  The Government further states that EAL and ERS are not represented by licensed counsel in this action and that they cannot appear before this Court *pro se* to assert a claim.  The Court finds these arguments well-taken.

**1.      Supplemental Rule G and the Standing Requirement**

Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions."  18 U.S.C. § 983(a)(4)(A).  To contest a government forfeiture action, a claimant must have both statutory standing in accord with CAFRA, and the Article III standing required for any action brought in

---

[4]  This motion is exclusively directed towards the corporate Claimants, EAL and ERS.  The Government does not dispute that Brian Merklinger complied with the Supplemental Rules in filing his claim of interest.

federal court.  $515,060.42 v. United States, 152 F.3d 491, 497 (6th Cir. 1998) (citing

United States v. $267,961.07, 916 F.2d 1104, 1107 (6th Cir. 1990)).  Statutory standing is

established through strict compliance with Supplemental Rules G(5) and G(6).  United

States v. One 2001 Cadillac Deville Sedan, 335 F. Supp. 2d 769, 772 (E.D. Mich. 2004).

With respect to Article III standing, a claimant must demonstrate "a legally cognizable

interest in the defendant property."  Id. (quoting United States v. $267,961.07, 916 F.2d at

1108).  Failure to satisfy both the Article III and statutory standing requirements

precludes a claimant from contesting a government forfeiture action.  Id.

Supplemental Rule G(5) (formerly Supplemental Rule C(5)) provides, in part:

> A person who asserts an interest in the defendant property may contest the
> forfeiture by filing a claim in the court where the action is pending. The
> claim must:
>
> (A) identify the specific property claimed;
> (B) identify the claimant and state the claimant's interest in the property;
> (C) be signed by the claimant under penalty of perjury; and
> (D) be served on the government attorney designated under Rule
> G(4)(a)(ii)(C) or (b)(ii)(D).

Fed. R. Civ. P. Supp Rule G(5)(a)(i).  The claim must be filed by the time stated in a

direct notice, or, where notice was published by publication, no later than 60 days after

the first day of publication on an official internet government forfeiture site.  Fed. R. Civ.

P. Supp Rule G(5)(a)(ii).  A claimant must then serve and file an answer to the complaint

or a motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days after

filing the claim.  Fed. R. Civ. P. Supp Rule G(5)(a)(iii).[5]

Supplemental Rule G(8) authorizes the Government to move to strike a claim or answer, at any time before trial, based upon a claimant's failure to comply with Supplemental Rule G(5).  Fed. R. Civ. P. Supp. G(8)(c).  Such a motion may be presented: "as a motion for judgment on the pleadings or as a motion to determine . . . by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence." Fed. R. Civ. P. Supp. R. G(8)(c)(ii)(B).  Generally, courts have held claimants to strict compliance with the provisions of Rule G(5).  See United States v. One Assortment of Eighty-Nine Firearms, 846 F.2d 24, 26 (6th Cir. 1988) (citing United States v. Beechcraft Queen Airplane, 789 F.2d 627 (8th Cir. 1986) (affirming the striking of answer which was not preceded by verified claim); United States v. $2,857, 754 F.2d 208 (7th Cir. 1985) (affirming grant of summary judgment against claimant who filed claim with the Drug Enforcement Administration instead of with the district court); United States v. Approximately Twenty Mexican Gold Coins, 637 F. Supp. 2d 957 (D. Kan. 2009) (granting motion to strike where claimant did not sign the claim, and did not file an answer); but see United States v. $125,938.62, 370 F.3d 1325, 1328-29 (11th Cir. 2004) (holding that district court abused its discretion in striking

_____

[5]  At the time of the events in this case, Supplemental Rule G(5) provided that an answer must be served and filed within *20 days* of filing a claim.  Effective December 1, 2009, the text of the Rule was amended to mandate that an answer be filed within *21 days* of filing a claim.  This difference does not affect the disposition of this motion, because the timeliness of the claim, not the subsequent answer, is the threshold issue.

untimely claim where the government had been on notice as to claimants' identities and that they were asserting their interest in the accounts).  The Sixth Circuit has also affirmed the entry of default judgment, where a claim or answer is stricken and the claimants lack standing to oppose the forfeiture.  See, e.g., United States v. $5,730.00, 109 Fed. Appx. 712, 713-15 (6th Cir. 2004) (affirming entry of default judgment where district court struck claimant's answer due to lack of statutory standing because claimant failed to submit a "verified statement identifying the interest or right" as required by Supplemental Rule C(6)).  See also United States v. Real Property Located in Merced County, No. 1:03-cv-6613, 2008 WL 706599, at *6 (E.D. Cal. Mar. 14, 2008) (granting motion to strike answer and entering default judgment where claimant filed answer, but no claim of interest in civil forfeiture action).

**2.     EAL and ERS Lack Statutory Standing to Contest the Forfeiture of the Defendant Trucks Because They Failed to Timely File Claims of Interest.**

The Government has established that in initiating this civil forfeiture action it gave the requisite notice in order to trigger the claimants obligation to respond.  It executed notice by publication as required by Supplemental Rule G(4)(a), and subsequently made several attempts to send direct notice of the forfeiture action to all known possible claimants as required by Supplemental Rule G(4)(b).  As outlined above, the Government attempted direct notice on at least three occasions: December 4, 2008, March 2, 2009, and April 2, 2009.  The Notice was sent by regular and certified mail to the last known addresses of all potential claimants, including the registered business addresses of EAL

and ERS.  In an abundance of caution, the Government finally attempted direct notice to

Paul Merklinger in the care of Claudio Martini, Esq., in Windsor, Ontario.  According to

Government counsel, Mr. Martini actually received notice on April 3, 2009, and told the

Government that he sent the notice to Paul Merklinger via facsimile or e-mail shortly

after receiving it.  Taken together, these attempts at direct notice clearly qualify as notice

"reasonably calculated to reach the potential claimant[s]."  See Fed. R. Civ. P. Supp.

G(4)(b)(iii)(A).[6]

---

[6]  Although Brian Merklinger is not the subject of this motion, in his response to
the Motion for Judgment on the Pleadings, he takes issue with the sufficiency of the
Government notice.  Specifically, he states that "No Notice was given [him] . . . until May
15, 2009."  This, he argues, violates of 18 U.S.C. §§ 983(a)(1)(i) and 983(a)(1)(v),
because the notice was not received until over 100 days after the Mustang was seized.
(Merklinger Resp. 5-6.)
        Section § 983(a) provides:

        (1)(A)(i) *Except as provided in clauses (ii) through (v)*, in any *nonjudicial
        civil forfeiture* proceeding under a civil forfeiture statute, with respect to
        which the Government is required to send written notice to interested
        parties, such notice shall be sent in a manner to achieve proper notice as
        soon as practicable, and *in no case more than 60 days after the date of the
        seizure*.

        (ii) *No notice is required if, before the 60-day period expires, the
        Government files a civil judicial forfeiture action against the property and
        provides notice of that action as required by law*.
        . . .

        (v) If the identity or interest of a party is not determined until after the
        seizure or turnover but is determined before a declaration of forfeiture is
        entered, notice shall be sent to such interested party *not later than 60 days
        after the determination* by the Government of the identity of the party or the
        party's interest.

The Notice advised potential claimants of the forfeiture action and clearly stated that any potential claimants must file a claim within thirty-five days *after the date the notice was sent*.[7] At the latest, the deadline to file a claim of interest for Paul Merklinger and/or the corporate Claimants was thus May 7, 2009: thirty-five days from April 2, 2009 (the last attempt at direct notice). No claims were filed on behalf of EAL or ERS by May 7, 2009. Instead, the corporate Claimants filed claims of interest on June 17, 2009, over forty days after May 7, 2009, in direct violation of Supplemental Rule G(5)(a)(ii)(A). Importantly, neither EAL nor ERS, nor Brian Merklinger, has presented any explanation for this delay, a full year after the seizure of the first twelve vehicles, three months after the last publication of notice, and over two months after the last attempt at direct notice of the corporate Claimants—direct notice that was sent to the sole remaining known address provided to the Court by the Claimants, after attempts to send notice to all other known addresses and individuals either failed or yielded no response. By failing to strictly adhere to Supplemental Rule G(5), EAL and ERS do not have the requisite statutory standing to contest the Government forfeiture action. There are no mitigating factors, nor

---

18 U.S.C. § 983(a) (emphasis added). Mr. Merklinger has clearly cherry-picked the provisions of Section 983 that suit him. Here, the Government filed a civil judicial forfeiture action within less than 30 days of seizing the Mustang, therefore placing it in compliance with § 983(a)(1)(A)(ii), an exception to the broader rule set out in § 983(a)(1)(A)(i). The Government thereafter complied with the time limits set forth in the Supplemental Rules, thereby fulfilling the requirements under CAFRA.

[7] Supplemental Rule G(4)(b) provides that notice is deemed sent when it is placed in the mail, delivered to a common carrier, or sent by electronic mail. Fed. R. Civ. P. Supp. G(4)(b)(iv).

evidence of a good faith attempt to file a timely claim.  In addition, EAL and ERS did not

detrimentally rely on some misinformation provided by the Government.  Under these

circumstances, "[t]he policies favoring timely disposition of assets, judicial economy, and

finality of judgments support application of a rule of strict compliance."  United States v.

$11,918.00, No. 1:03-cv-05679, 2007 WL 3037307, at * (E.D. Cal. Oct. 17, 2007).

Therefore, EAL and ERS's claims shall be stricken pursuant to Supplemental Rule

G(8)(c)(i)(A).[8]

**3.      No Issues of Material Fact Remain and Summary Judgment is Warranted.**

Summary judgment is appropriate where "there is no genuine issue as to any

material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R.

Civ. P. 56(c).  Here, there is no dispute that the claims were untimely filed and that

Claimants have failed to strictly comply with the Supplemental Rules.  Moreover, even if

the corporate Claimants could fulfill the standing requirements under CAFRA and Article

III, they have failed to obtain substitute counsel and cannot appear before this Court

unrepresented.  See Rowland, 506 U.S. at 201-02.  EAL and ERS have not and cannot

respond to either this or other pending motions, despite having had ample opportunity to

obtain substitute counsel.  The motion thus remains uncontested,[9] and corporate

--------

[8]  The Court need not and does not reach the Government's additional argument
that EAL also failed to comply with Supplemental Rule G(5) because its claim was not
signed by an authorized agent of EAL.

[9]  Under the Local Rules of this Court, a party "opposing a motion must file a
response, including a brief and supporting documents then available."  Local Rule 7.1(b).

Claimants have failed to raise any issue of material fact. Therefore, summary judgment is warranted against EAL and ERS, in favor of the Government.

**B.    Motion for Judgment on the Pleadings.**

On September 17, 2009, the Government filed a motion for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on the issue of forfeitability. Specifically, the Government argues that EAL, ERS and Brian Merklinger's answers to the allegations set forth in paragraphs 13(a) through 13(t), and 17(a) through 17(b) of the Amended Complaint should be deemed admitted because Claimants have failed to satisfy the pleading requirements of Rule 8(b) of the Federal Rules of Civil Procedure. Paragraphs 13(a) through 13(t), and 17(a) through 17(b) describe the basis of the forfeiture action—namely, the scope and nature of the allegedly fraudulent investment scheme whose proceeds were used to acquire the Defendant vehicles. Claimants' answers neither admit nor deny these essential allegations, nor do they state that Claimants are without sufficient knowledge or information to form a belief as to the truth of such allegations. See Fed. R. Civ. P. 8(b). Instead, Claimants' answers state: "Claimants neither admit nor deny the allegations in these paragraphs and leave the Plaintiff to its proofs." (EAL & ERS Answer to Am. Compl. 3; Brian Merklinger Answer to Am. Compl. 2.)[10]   The Government thus seeks an order deeming these allegations

---

[10]   At the September 22, 2009 hearing on Claimants' counsel's Motion to Withdraw, the Court expressed its own concerns about the adequacy of these answers.

16

admitted and entering judgment on the pleadings as to the issue of forfeitability.

In his response to the Motion for Judgment on the Pleadings, Claimant Brian Merklinger argues that the requirements of Rule 8(b) should be "read in the context of a traditional civil action, not a forfeiture action."  (Merklinger Resp. 1-2.)  He suggests that because claimants in a civil forfeiture action are different than defendants in a civil action, they ought not be held to the same pleading standards.  Mr. Merklinger further argues while he does not specifically admit or deny the allegations in the Complaint filed by the Government, he is merely an "innocent owner."  In the alternative, Mr. Merklinger seeks permission to amend his answer.

Assuming *arguendo* that EAL and ERS's have the requisite standing to defend the forfeiture action and that their claims of interest are not stricken, the Court considers the Government's arguments as they apply to the corporate Claimants as well.  As stated above, Claimants EAL and ERS have not filed a response to this motion.

**1.     Standards Applicable to Motions for Judgment on the Pleadings and Rule 8(b)(6)**

Motions for judgment on the pleadings under the Rule 12(c) of the Federal Rules of Civil Procedure are analyzed using the same standard employed for a motion to dismiss under Rule 12(b)(6).  <u>Tucker v. Middleburg-Legacy Place</u>, 539 F.3d 545, 549

---

Then Counsel for Claimants, Ms. Rubin, stated that Claimants may be willing to amend the answers to reflect that they do not have sufficient information to form a belief about the truth of the allegations.  She later stated that, after communicating with her clients, they expressed an intent to oppose the dispositive motions.  The Court ultimately granted Ms. Rubin's request to withdraw before any amendments to the Answers were made.

(6th Cir. 2008).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 582 (6th Cir. 2007) (internal quotation marks and citation omitted).  A motion brought pursuant to Rule 12(c) is appropriately granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law."  Id. at 582 (internal citation and quotation marks omitted).

Rule 8 of the Federal Rules of Civil Procedure provides for only three possible responses to allegations contained in a civil complaint: (1) admit the allegations; (2) deny the allegations; or (3) state that there is insufficient knowledge or information to form a belief about the truth of the allegations.  Fed. R. Civ. P. 8(b)(1)-(5).  A denial "must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2).  Thus, "[a]nswers that neither admit nor deny but simply demand proof of the plaintiff's allegations . . . are insufficient to constitute a denial."  See 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1264 (3d ed.).  If a party fails to deny an allegation in a pleading to which a responsive pleading is required, the allegation is deemed admitted.  Fed. R. Civ. P. 8(b)(6).

The corollary to Rule 8 is the liberal amendment policies embodied in Federal Rule of Civil Procedure 15.  Rule 15 provides, in relevant part:

> (1) A party may amend the party's pleading once as a matter of course:

18

> (A) within 21 days, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), or whichever is earlier.
>
> (2) In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Granting or denying leave to amend a pleading is within the trial court's discretion. See Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227 (1962). A party seeking to amend an answer "must act with due diligence if it intends to take advantage of the Rule's liberality." United States v. Midwest Suspension & Brake, 49 F.3d 1197, 1202 (6th Cir. 1995). A court may deny leave to amend when a party unnecessarily delayed in seeking amendment, thereby causing prejudice to the other party or unduly delaying the litigation. Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994) (citation omitted). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." Id. However, delay alone is insufficient to deny the proposed amendment. Robinson v. Michigan Consol. Gas Co. Inc., 918 F.2d 579, 581 (6th Cir. 1990) (citations omitted). Finally, although liberal, it is well established that justice does not require the Court to grant leave to amend a pleading if to do so would be futile. See In re Ford Motor Co. Securities Litigation, Class Action, 381 F.3d 563, 574 (6th Cir. 2004).

2.    **Applicability of Rule 8 Pleading Requirements to a Civil Forfeiture Proceeding and Obligation of Claimant to Defend A Claim**

As an initial matter, Claimant Brian Merklinger's argument that Rule 8 pleading requirements should be read more leniently in the context of a civil forfeiture action is unavailing.  Rule G(1) of the of the Supplemental Rules provides: "This rule governs a forfeiture action *in rem* arising from a federal statute.  To the extent that this rule does not address an issue, Supplemental Rule C and E and *the Federal Rules of Civil Procedure also apply*."  Fed. R. Civ. P. Supp. G(1) (emphasis added).  While Supplemental Rule G addresses the time by which an answer to a forfeiture complaint must be filed and served (i.e., within 20 days after filing a claim), it does not address the manner in which a party must respond.  Fed. R. Civ. P. Supp. G(5)(b).  Thus, Rule 8 of the Federal Rules of Civil Procedure unambiguously applies in civil forfeiture proceedings, pursuant to Supplemental Rule G(1).  See, e.g., United States v. $41,580.00, 253 Fed. Appx. 880, 881-82 (11th Cir. Nov. 9, 2007) (imposing Rule 8 pleading requirements on claimant in civil forfeiture action).

Next, Brian Merklinger argues that "claimants to a forfeiture action . . . may theoretically *not* defend as to the government's probable cause to forfeit the Defendant, and rely instead, on their innocent owner/lienor status, pursuant to 18 U.S.C. §983(d)." (Merklinger Resp. 3) (emphasis added).  Mr. Merklinger is conflating two doctrines: burden of proof and threshold pleading requirements.  Under CAFRA, once the government shows by a preponderance of the evidence that the seized property is subject

20

to civil forfeiture, the burden shifts to the claimant to establish by a preponderance of the evidence that the property is not subject to forfeiture.  18 U.S.C.A. § 983(d)(1).  A claimant may carry this burden by showing that he is an "innocent owner" of the subject property: that is, (1) that he was unaware of the criminal activity giving rising to the forfeiture or (2) that, upon learning that the money used to acquire the forfeited property was an instrument of the alleged criminal activity, he "did all that reasonably could be expected under the circumstances to terminate such use of the property."  18 U.S.C. §§ 983(d)(2)(A)(i), (d)(2)(A)(ii).  While there is no question that a claimant may assert the "innocent owner" defense in his answer, doing so does not excuse non-compliance with the pleading requirements set forth in the Supplemental Rules and, by incorporation, the Federal Rules of Civil Procedure.  Accordingly, Brian Merklinger's argument that he is under no obligation to defend his claim because he has asserted an "innocent owner" defense, is wholly unresponsive to the shortcomings of the pleadings.

### 3.    Claimants' Answers Do Not Satisfy Rule 8 Pleading Requirements.

Claimants do not flatly deny the allegations forming the basis of this forfeiture action.  Instead, the answers recited by EAL, ERS and Brian Merklinger neither admit nor deny the allegations, and demand that the Government prove its case.  Rule 8(b) of the Federal Rules of Civil Procedure clearly provides that if a defendant, or in the civil forfeiture context, a claimant, is without knowledge or information sufficient to form a belief as to the truth of an allegation, he shall so state and this has the effect of a denial.  Claimants did not present their answers in any of the approved forms, though it strains

21

credibility to suggest that they lacked access to the information necessary to address the

factual underpinnings of the allegations.  For example, Paragraph 13(a) describes in part

EAL: "EAL is a Michigan limited liability company formed in 2003 and during relevant

periods of time had places of business in Livonia and Novi, Michigan."  (Compl. ¶13(a).)

Later, in Paragraph 13(f), the Government alleges that Paul Merklinger "also spent or

transferred investor funds for the benefit of his son, Brian Merklinger, including $74,000

for the purchase of a high performance sports car."  In response to these and other

specific allegations, Claimants have only provided an equivocal statement, basically

meaningless, and, taken in the context of an overall pattern of evasion and dilatory tactics,

further evidence of bad faith in these proceedings.  Therefore, their answers to paragraphs

13(a) through 13(t) and 17(a) through 17(b), must be taken as admitted.  See Mahanor v.

United States, 192 F.2d 873, 876 (1st Cir. 1951) (holding certain allegations admitted

where defendant's answer stated only that defendant "neither admits nor denies the truths

of the allegations of this paragraph and demands that the plaintiff prove said allegations,"

and circumstances indicated that defendant must have known about the underlying facts);

Westfield High School L.I.F.E. Club v. City of Westfield, 249 F. Supp. 2d 98 (D. Mass.

2003) (holding that defendant's answer that he "neither admits nor denies the allegation . .

. but calls upon the Plaintiffs to prove the same" constitutes an admission of such facts);

King Vision Pay Per View, LTD., v. J.C. Dimitri's Restaurant, Inc., 180 F.R.D. 332, 333

(N.D. Ill. 1998) (holding that defendants' responses to 30 of 35 allegations in complaint,

stating "Neither admit nor deny the allegations of said Paragraph-, but demand strict

22

proof thereof," were in no way responsive to Rule 8 requirements, demanded nothing

cognizable in federal practice, and would be treated as admissions); <u>In re Gannon</u>, No. 87

B 18843, 1988 WL 147841, at *5 (Bkrtcy. N.D. Ill. 1988) ("The impact of [Rule 8(b)(6)]

cannot be avoided by stating that certain allegations are neither admitted nor denied.

Such an answer is an impermissible hedge and results in the allegations to which it is

directed as being deemed admitted."); <u>Dunlop v. Quality Spring Products, Inc.</u>, No.

K-75-51 C. A., 1975 WL 1157 (W.D. Mich. June 6, 1975) (holding that answers that

neither admit nor deny but simply demand proof of plaintiff's allegations are insufficient

to constitute a denial and therefore granting plaintiff's motion to strike such paragraphs).

**4.    Claimant Brian Merklinger's Request for Leave to Amend His Answer Will Not Be Granted, Where It Is Made in Bad Faith.**

Claimant Brian Merklinger seeks leave to amend his Answer to state: "Claimants

deny the allegations in this paragraph and leave the Government to its proofs."

(Merklinger Resp. 3.)  In support of this argument, Merklinger states that this "slight

modification of the Claimants' answers is form over substance, and should not be the

basis for any type of dispositive motion by the government."  (<u>Id.</u>)  The Court disagrees.

"Although Federal Rule of Civil Procedure 15(a)(2) provides that a court should

freely give leave to amend a complaint when justice so requires, the right to amend is not

absolute or automatic." <u>Tucker v. Middleburg-Legacy Place</u>, 539 F.3d 545, 551 (6th Cir.

2008) (internal quotation and modification omitted).  Here, the Court declines to grant

leave to amend, finding that Mr. Merklinger's request is made in bad faith.  First, Mr.

Merklinger made no effort to seek the Court's permission to amend Answers until four months after the Answers were filed, and two months after the Government filed the motion to have the allegations of the Amended Complaint deemed admitted.  Next, Mr. Merklinger is proposing to replace one blanket assertion with another blanket assertion. This is not a "slight modification," nor is it proposed with the requisite due diligence. While parties may in good faith deny all the allegations of a pleading, Fed. R. Civ. P. 8(b)(3), Mr. Merklinger's proposed change is clearly made in deliberate indifference to notice pleading requirements.  Rule 8 requires only that a denial "fairly respond to the substance of the allegation."  Fed. R. Civ. P. 8(b)(2).  Brian Merklinger's proposed denial does not even attempt to satisfy this basic threshold requirement.  Finally, because Brian Merklinger (and the corporate Claimants) have repeatedly failed to provide the Court and the Government with a direct address, granting leave to amend the answer would potentially further prejudice the Government in its efforts to serve discovery requests and reward the Merklingers for their evasion.  Accordingly, the Court will deny his request.

Having deemed Claimants' answers to the allegations set forth in Paragraphs 13(a) through 13(t), and 17(a) through 17(b) of the Amended Complaint admitted, the Court now grants the Government's Motion for Judgment on the Pleadings on the Issue of Forfeitability.  The Court need not reach the Government's Motion for Interlocutory Sale of the Defendant vehicles.

## IV.  CONCLUSION

IT IS HEREBY ORDERED that the Government's Motion to Strike / Motion for

24

Summary Judgment (Dkt. #45) is GRANTED in its entirety.

IT IS FURTHER ORDERED that the Verified Statements of Interest (Dkt. #21and Dkt. #21) filed by Claimants EAL and ERS are stricken for lack of statutory standing, pursuant to Supplemental Rule G(8)(c)(i)(A).

IT IS FURTHER ORDERED that the Government's Motion for Judgment on the Pleadings (Dkt. #29) is GRANTED in its entirety.

IT IS FURTHER ORDERED that the *in rem* Defendants, to-wit: thirteen Mack dump trucks and one Ford Mustang, are ordered to be forfeited to the plaintiff, the United States of America, for disposition according to law.  Accordingly,

IT IS FURTHER ORDERED that the Government's Motion for Interlocutory Sale

(Dkt. #32) is denied as MOOT.

SO ORDERED.


s/ Gerald E. Rosen
Chief Judge, United States District Court


Dated: January 20, 2010


**CERTIFICATE OF SERVICE**

I hereby certify that on  January 20, 2010  , I electronically filed the foregoing paper with
the Clerk of the Court using the ECF system which will send notification of such filing to the
following: Linda Aouate , and I hereby certify thatI have mailed by United States Postal Service
the paper to the following non-ECF participants:
Brian J. Merklinger, 2485 Ouellette Ave., #200, Windsor, Ontario, N8X1LS, Canada .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(313) 234-5137